KATTEN MUCHIN ROSENMAN LLP
575 Madison Avenue
New York, NY 10022-2585
Jeff J. Friedman
        and
525 West Monroe Street
Chicago, IL 60661
Kenneth J. Ottaviano
Paige B. Tinkham

*Counsel for Capital Funding, LLC*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
**In re:**

**22 Maple Street, LLC,**                                    **Case No. 18-40816**

                    **Debtor.**                             **Chapter 11**
----------------------------------------------------------------x
**In re:**

**25 Oriol Drive, LLC,**                                     **Case No. 18-40817**

                    **Debtor.**                             **Chapter 11**
----------------------------------------------------------------x
**In re:**

**59 Coolidge Road, LLC,**                                   **Case No. 18-40818**

                    **Debtor.**                             **Chapter 11**
----------------------------------------------------------------x
**In re:**

**20 Kinmonth Road, LLC,**                                   **Case No. 18-40819**

                    **Debtor.**                             **Chapter 11**
----------------------------------------------------------------x

## REPLY IN SUPPORT OF MOTION OF CAPITAL FUNDING, LLC
## FOR RELIEF FROM THE AUTOMATIC STAY FOR CAUSE

Capital Funding, LLC (the "<u>Mortgage Loan Agent</u>"), the agent for the secured lenders to

each of the above-captioned debtors and debtors-in-possession (collectively, the "<u>Debtors</u>"),

hereby submits this reply in support of the *Motion of Capital Funding, LLC for Relief from the Automatic Stay for Cause* (the "Motion")[1] and respectfully represents as follows:

1.      The Mortgage Loan Agent has clearly established its entitlement to relief from the automatic stay.  In the *Debtors' Combined Joint Opposition to Motion and Amended Motion of Oxford Finance LLC and Capital Funding LLC, Each Seeking Relief from the Automatic Stay* (the "Objection"), Debtors attempt to obscure the facts relevant to this proceeding to give the Court the impression that this dispute is more complex than it is.  To the contrary, the issues here are straightforward and necessitate the lifting of the automatic stay so that the Mortgage Loan Agent can proceed against the Debtors in the action pending in the Mass. District Court.

2.      Since the filing of these cases, the Mortgage Loan Agent has attempted to work with the Debtors on a restructuring plan.  However, throughout this process there has been significant delay in the Debtors' responses, causing the Mortgage Loan Agent to move forward with its Motion.

3.      The Mortgage Loan Agent is entitled to relief from the stay because of the Debtors' bad faith filing and lack of adequate protection.  Despite the Debtors' statements to the contrary, there is no "confusion as to the burden of proof" for establishing lack of equity. (*See* Objection at ¶ 40.)  As set forth in the Motion, the burden of proof is on a debtor "for all issues *other than the debtor's equity in property*." (Motion at ¶ 37 (emphasis added).)  The Mortgage Loan Agent is not seeking relief from the automatic stay based on the Debtors' lack of equity at this time.  Accordingly, following the Mortgage Loan Agent's initial burden of showing cause, the burden shifts to the Debtors to show that cause does not exist for relief from the automatic stay. *See* 11 U.S.C. § 362(g).

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

4.      Filing a bankruptcy petition in bad faith clearly constitutes cause for relief from the automatic stay. *See, e.g.*, *In re Kaplan Breslaw Ash, LLC*, 264 B.R. 309, 334-35 (Bankr. S.D.N.Y. 2001); *In re 234-6 West 22nd St. Corp.*, 214 B.R. 751, 760-61 (Bankr. S.D.N.Y. 1997). In *Kaplan*, the court found that, based on the factors set forth in *C-TC 9th Ave. P'Ship v. Norton Co.,* 113 F.3d 1304 (2d Cir. 1997),[2] cause existed for relief from the automatic stay under section 362(d)(1) based on facts nearly identical to those in the present case. The *Kaplan* debtor was a single asset real estate debtor with only one asset, no employees, and no discernable cash flow. It had very few unsecured creditors, none of whom would benefit from a chapter 11 reorganization. The debtor's only asset was the subject of a foreclosure action by the mortgage holder, and the case was "essentially a two-party dispute" between the secured creditor and the debtor. *Id.* at 335.

5.      Each of these facts is present here as well. Most importantly, there exists no basis to resolve this dispute in the Bankruptcy Court as this is clearly a two-party dispute between only the Debtors and the Mortgage Loan Agent. There are very few other creditors, whose claims are small in relation to those of the sole secured creditor, the Mortgage Loan Agent. Additionally, the Debtors have one single asset, which was the subject of a foreclosure action prior to the filing of the bankruptcy case. The Debtors themselves have no employees and no cash flow, and therefore are unable to meet current expenses.[3]

---

[2] The Debtors' assertion in paragraph 44 of their Objection that *C-TC 9th Ave. P'Ship* "was not a relief from stay case, but rather a dismissal case under Bankruptcy Code § 1112" is inapposite (and also technically incorrect, given that it began as a relief from stay case and resulted in the court dismissing the case *sua sponte*). Regardless, "the standards for bad faith as evidence of cause, whether in the context of dismissal or relief from the stay, are not substantively different from each other," and courts therefore use the factors for bad faith set forth in *C-TC 9th Ave. P'Ship* to find cause for relief from the automatic stay  *See In re AMC Realty Corp.*, 270 B.R. 132, 141-42 (Bankr. S.D.N.Y. 2001) (citing *In re 234-6 West 22nd St. Corp.*, 214 B.R. at 757 (internal quotations omitted)).
[3] Indeed, as the United States Trustee (the "UST") in the affiliate case of In re 90 West Street, LLC, Case No. 18-40515 (NHL) [Doc. No. 40] recently indicated, these cases are in essence a two-party dispute which would best proceed outside of the Bankruptcy Court.

6.    Though the Debtors attempt to muddy the facts by discussing the "interconnection with the Non-Debtor Operating Entities" (*see* Objection at p. 17-18), any employees, cash flow, creditors, and operations of the Operator Affiliates are irrelevant.  The Debtors have cited no authority for their assertion that the activities and obligations of non-debtor entities should be taken into consideration in determining whether *the Debtors* filed the bankruptcy petition in bad faith.  In fact, the appointment of a receiver over the Operator Affiliates, which will inevitably affect the Debtors indirectly, weighs heavily in favor of lifting the stay to allow the receivership proceedings to continue against the Debtors as well.  These disputes cannot continue on two parallel paths but should instead be consolidated in the receivership case.[4]

7.    Additionally, the Mortgage Loan Agent is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) for cause, because the Debtors are not providing adequate protection to the Mortgage Loan Agent.  Debtors correctly acknowledge that they have only 90 days from the petition date, or until May 15, 2018, to begin making monthly payments pursuant to section 362(d)(3). (*See Objection* at ¶ 37.)  *See In re R.J. Dooley Realty, Inc.*, No. 09-36777, 2010 WL 2076959 at *4 (Bankr. S.D.N.Y. May 21, 2010) (confirming that "the court must grant the secured creditor's motion for relief from stay" if a single-asset real estate debtor does not propose a plan or commence adequate protection payments within 90 days of filing).  However, the failure to make adequate protection payments also constitutes cause for relief from the automatic stay under section 362(d)(1).  *See In re Kaplan Breshlaw Ash, LLC*, 264 B.R. at 333 (concluding that cause existed under 362(d)(1) "where no adequate protection payments whatever have been made or proffered.").

---

[4] On information and belief, those responsible for the filing of the Debtors' bankruptcy cases do not have authority to file bankruptcy cases on behalf of the Operator Affiliates.  Accordingly, the filing of bankruptcy petitions by the Operator Affiliates and consolidation of the disputes in the Bankruptcy Court is not a realistic resolution.

8.      Under either subsection, the automatic stay must be lifted.  Ninety days have now passed since the commencement of these cases, and Debtors have failed to even offer the Mortgage Loan Agent any sort of adequate protection, let alone make any adequate protection payments.    The Mortgage Loan Agent has not received a single payment since the commencement of these cases.   Cause therefore exists to lift the automatic stay for lack of adequate protection.

9.      As previously mentioned, the Mortgage Loan Agent has diligently sought to resolve these issues with the Debtors, but the parties have not yet been able to reach an agreement.  The Debtors are in desperate need of a strategy.  Accordingly, without such strategy, the parties would be better served by allowing the continuation of the receivership proceeding in the Mass. District Court.

WHEREFORE, the Mortgage Loan Agent requests that the Court grant its Motion and enter the relief sought in the Motion.


Dated: May 23, 2018                              Respectfully submitted;

                                                 By: ____/s/ Kenneth J. Ottaviano_____
                                                 Kenneth J. Ottaviano, (Admitted Pro Hac)
                                                 Paige B. Tinkham (Admitted Pro Hac)
                                                 KATTEN MUCHIN ROSENMAN LLP
                                                 525 West Monroe Street
                                                 Chicago, Illinois 60661
                                                 Telephone: 312-902-5200
                                                 Facsimile: 312-902-1061
                                                 Kenneth.Ottaviano@kattenlaw.com
                                                 Paige.Tinkham@kattenlaw.com