IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| **CAPITAL FUNDING, LLC,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. CCB-18-0215 |
| ) | |
| **AVI "ZISHA" LIPSCHUTZ, ET AL.** ) | |
| ) | |
| Defendants. ) | |
| ) | |

## DEFENDANTS' MOTION TO STAY

Defendants Avi "Zisha" Lipschutz and Larry Lipschutz, by and through their undersigned counsel, respectfully submit this motion to stay. In support of their motion, defendants state as follows:

1. Plaintiff filed this action to collect upon personal guarantees of defendants for loans made to purchase skilled nursing homes (the "homes") in Massachusetts.

2. On January 28, 2018, plaintiff also filed an action in the United States District Court for the District of Massachusetts to appoint a receiver over the nursing homes entities. On March 9, 2018, the court granted plaintiff's motion. That case is pending.

3. On February 14, 2018, the entities to which the loans were issued filed for Chapter 11 bankruptcy protection in the United States Bankruptcy Court for the Eastern District of New York. That case is pending.

4. This litigation arises out of similar issues of law and fact as the pending bankruptcy litigation and receivership action.

5. As set forth in defendants' accompanying memorandum, a stay of this action will

promote judicial economy, avoid confusion and inconsistent results, and prevent undue prejudice to the defendants.

6. Plaintiffs will suffer no prejudice if this Court grants a stay of sixty days.

7. On two occasions—once by phone and the other by email— counsel for plaintiff informed defense counsel that plaintiff will not agree to stay this case.

WHEREFORE, defendants respectfully request that this Court stay the case for 60 days.

Respectfully submitted,

*/s/ Ari S. Casper*
The Casper Firm, LLC
One South Street, 27th Floor
Baltimore, MD 21202
(410) 989-5097 – Phone
(410) 630-7776 – Facsimile
acasper@casperfirm.com
Attorney for Defendants

## REQUEST FOR HEARING

Defendants respectfully request a hearing on this motion.

*/s/ Ari S. Casper*
Ari S. Casper

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of April 2018, the foregoing Motion for Stay, Memorandum in Support of Motion to Stay with supporting exhibits, and proposed Order, were served *via* electronic filing on all counsel of record, including:

>Joseph F. Fiorill
>Katten Muchin Roseman LLP
>2900 K Street, NW
>North Tower- Suite 200
>Washington, D.C. 20007
>
>Paige Barr Tinkham
>Katten Muchin Roseman LLP
>525 W. Monroe Street
>Chicago, IL 60661
>Attorneys for Plaintiff

>*/s/ Ari S. Casper*
>Ari S. Casper

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

|  |  |
|---|---|
| CAPITAL FUNDING, LLC, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) Civil Action No. CCB-18-0215 |
| AVI "ZISHA" LIPSCHUTZ, ET AL. | ) ) ) |
| Defendants. | ) ) |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO STAY**

Defendants Avi "Zisha" Lipschutz and Larry Lipschutz, by and through their undersigned counsel, respectfully submit this memorandum of law in support of their motion to stay.

## INTRODUCTION

This case is one of three pending in different jurisdictions around the country arising out of plaintiff's attempt to collect upon a loan issued to various entities to purchase skilled nursing homes (the "homes") in Massachusetts. In this case, plaintiff seeks to obtain a monetary judgment based on personal guarantor language in the loan documents. The other litigations initiated by plaintiff include various entities that own and operate the homes.

Defendants are key principles in these entities. The four entities that own the properties and to which the loan was made to purchase the homes have filed for Chapter 11 bankruptcy protection in New York. The facts there are intertwined with the claims in this case— plaintiff's attempt to collect on the loan.

The bankruptcy action was preceded by confusion and chaos within the members of the entities, and in-fighting amongst the ownership and operating companies of which they are comprised. Each is jockeying for a position in the reorganization. Bankruptcy counsel's allegiance is with the other investors, not the defendants, which has greatly complicated reorganization efforts.

In the meantime, the homes' operating entities have been placed in receivership by a federal court in Massachusetts, thereby adding additional decision-makers and a layer of court approval to operating and reorganizing efforts. The allegations in that and the instant case overlap.

A stay of this action will promote judicial economy, avoid confusion and inconsistent results, and prevent unduly prejudicing defendants at essentially no harm (other than a few months of delay) to plaintiff. Staying this action also is consistent with well settled bankruptcy principles that treat as paramount the debtor's reorganization efforts. To that end, courts will stay creditors' actions against key officials of entities who have acted as guarantors of those entities' loans. Thus, defendants respectfully request that this Court stay the action for sixty days to allow for the defendants to focus on the reorganization efforts.

## RELEVANT FACTS

Plaintiff issued a loan to 22 Maple Street, LLC, 25 Oriol Drive, LLC, 59 Coolidge Road, LLC, and 20 Kinmonth Road, LLC ("borrower entities") in connection with the purchase of skilled nursing facilities in Massachusetts. (Ex. 1 at ¶ 3, Aff. of Zisha Lipschutz.) The borrower entities are owned by Synergy Health Centers, LLC ("Synergy"). (Ex. 1 at ¶ 3, Aff. of Zisha Lipschutz.) The three primary owners of Synergy are Zisha Lipschutz, Larry Lipschutz, and the Brach family. (Ex. 1 at ¶ 4, Aff. of Zisha Lipschutz.)

On February 14, 2018, the borrower defendants filed for Chapter 11 protection in the United States Bankruptcy Court for the Eastern District of New York, Case No. 1:18-40816 ("bankruptcy action"). There is significant in-fighting among the members of the borrower entities—the defendants on one hand, and the Brach family on the other. (Ex. 1 at ¶ 6, Aff. of Zisha Lipschutz.) The Brach family hired attorney Kevin Nash to handle the bankruptcy in New York. Mr. Nash is not consulting Zisha Lipschutz or Larry Lipschutz about his filings. (Ex. 1 at ¶ 6, Aff. of Zisha Lipschutz.) As a result, the reorganization process is fraught with confusion. (Ex. 1 at ¶ 6, Aff. of Zisha Lipschutz.)

The four skilled nursing facilities are operated by Waban Health Center, LLC, Merrimack Valley Health Center, LLC, Watertown Health Center, LLC, and Worcester Health Center, LLC ("operator entities"). (Ex. 1 at ¶ 7, Aff. of Zisha Lipschutz.) The operator entities also are owned by Synergy. (Ex. 1 at ¶ 7, Aff. of Zisha Lipschutz.) The operator entities have been placed in receivership by the United States District Court for the District of Massachusetts, Case No. 1:18-cv-10172 ("receivership action"), adding additional decision-makers and a layer of court approval with respect to operating the entities.

Defendants are critical to the reorganization of the borrower entities. Zisha Lipschutz is involved in many integral aspects of the reorganization of the debtor entities, including, but not limited to, being responsible for negotiating with creditors to reduce debt and fees owed and to formulate plans for repayment, acting as liaison for the entities to reduce Massachusetts State User Fees, and acting as the point-person in two different investigations of some of the entities being conducted by the Massachusetts Office of the Attorney General. He is also integral to resolving issues among the investors. (Ex. 1 at ¶ 8, Aff. of Zisha Lipschutz.)

Since the nursing home entities' inception, Larry Lipschutz has been a primary source of funding to these entities. Litigation in multiple venues is depleting funds that may otherwise be available to assist in the reorganization of the debtor entities. (Ex. 1 at ¶ 9, Aff. of Zisha Lipschutz.) For all these reasons, a stay is warranted.

## ARGUMENT

It is well settled that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Thus, "[a] federal court has inherent power to stay, *sua sponte*, an action before it." *Crown Cent. Petroleum Corp. v. Dep't of Energy*, 102 F.R.D. 95, 98–99 (D. Md. 1984). "In exercising its judgment, the Court must weigh competing interests and consider the effects of the stay on the Court's docket, on counsel and on the parties." *Id.* at 98-99. Such power is "grounded in concern with inconvenience to a defendant arising from a multiplicity of suits, as well as concern with promoting efficient judicial administration." *Amdur v. Lizars*, 372 F.2d 103, 107 (4th Cir. 1967). "The following factors are relevant to the court's decision: (1) whether a stay would promote judicial economy, (2) whether a stay would avoid confusion and inconsistent results, and (3) whether a stay would unduly prejudice the parties or create undue hardship." *Christensen v. Target Corp.*, 2:13-CV-01136, 2014 WL 1224966, at *1 (D. Utah Mar. 24, 2014).

In this case, a stay will promote judicial efficiency and protect against the risk of inconsistent judgements. "[C]ourts have recognized that a stay should be provided to [guarantors] when the claims against them and the claims against the debtor are inextricably interwoven, presenting common questions of law and fact, which can be resolved in one proceeding." *In re Ionosphere Clubs, Inc.*, 111 B.R. 423, 434 (Bankr. S.D.N.Y. 1990) (internal quotations and

citations omitted). Plaintiff is the primary creditor in the bankruptcy action, and that court currently is addressing issues relating to the loan. There is no reason—other than plaintiff putting additional pressure on defendants and diverting their attention away from the reorganization— to force defendants to litigate in this Court.

The court in Massachusetts has also recently appointed a receiver over the operating entities of the homes. The basis of the receiver's appointment as well as which duties lie within his purview overlap with issues which will be subject to discovery and litigated in the instant case. (Ex. 1 at ¶ 7, Aff. of Zisha Lipschutz.) By way of example, many of the alleged defaults are identical in both cases— failure to satisfy Minimum EBITDAR covenants, failure of defendants to provide net worth statements, failure of defendants to phase out Synergy's back office service and to replace Synergy; and failure of defendants to provide copies of their federal tax returns. (Complaint at ¶ 25 and Ex. 2 at ¶ 43, Verified Complaint in Receivership Action.)

Moreover, denial of a stay will create undue hardship because it will lead to the failure of the debtors' reorganization and needlessly forces defendants to prematurely litigate this case. A "[c]ourt may issue or extend stays to enjoin a variety of proceedings [including discovery against the debtor or its officers and employees] which will have an adverse impact on the Debtor's ability to formulate a Chapter 11 plan." *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 1003 (4th Cir. 1986) (quoting *Johns-Manville Corp.*, 26 B.R. 420 (S.D.N.Y.1983)).[1] Courts do so "as a means of providing this protection to non-debtors such as individual guarantors and key officers of a debtor corporation" *In re Steven P. Nelson, D.C., P.A.*, 140 B.R. 814, 816 (Bankr. M.D. Fla. 1992) because "their time and energy [i]s important to the rehabilitation of a debtor's business or to the formulation of a plan of reorganization." *In re Lazarus Burman Associates*, 161 B.R. 891, 898

---

[1] Because of the ongoing maneuvering of investors, defendants are unable to have bankruptcy counsel move to extend the stay in that case.

(Bankr. E.D.N.Y. 1993); "The massive drain on key officers' time and energy at this crucial hour of plan formulation in either defending themselves or in responding to discovery requests could frustrate if not doom their vital efforts at formulating a fair and equitable plan or reorganization." *In re Ionosphere Clubs, Inc.*, 111 B.R. at 435.

During this turbulent period, defendants will face undue hardship should the instant proceedings move forward. Zisha Lipschutz is vital to the successful reorganization of the entities to help them emerge from debt and to rehabilitate them. (Ex. 1 at ¶ 8, Aff. of Zisha Lipschutz.); Larry Lipschutz is a potential source of critical funding. (Ex. 1 at ¶ 9, Aff. of Zisha Lipschutz.). Without defendants' assistance, the entities' reorganization efforts are likely to fail. Additionally, the turbulence within the entities is currently exacerbated by power struggles among the members and investors as some members attempt to freeze out others and compete for control of these entities; with the benefit of time many of these issues will be settled and resolved. (Ex. 1 at ¶ 6, Aff. of Zisha Lipschutz.) Denial of a stay will further create chaos and hardship as issues pertaining to plaintiff's attempt to collect the loan are before three separate courts, each handled by a different team of attorneys— some of which represent only interests of certain members. A brief stay of this action will allow the entities to work through these issues. Thus, a stay of this proceeding is the most appropriate course of action.

## CONCLUSION

For the foregoing reasons, defendants respectfully request a 60-day stay of these proceedings.

Respectfully submitted,

*/s/ Ari S. Casper*
The Casper Firm, LLC
One South Street, 27th Floor

Baltimore, MD 21202  
(410) 989-5097 – Phone  
(410) 630-7776 – Facsimile  
acasper@casperfirm.com  
Attorney for Defendants

# EXHIBIT 1

## DECLARATION OF ZISHA LIPSCHUTZ

I, Avi "Zisha" Lipschutz, state as follows:

1. I am over the age of eighteen and have personal knowledge of the facts set forth in this Declaration, and could testify competently about them if called as a witness in the case pending in the United States District Court for the District of Maryland brought by Capital Funding, LLC.

2. I am a member of Synergy Health Centers, LLC ("Synergy").

3. Synergy owns skilled nursing facilities, including the ones in connection with the subject loan to 22 Maple Street, LLC, 25 Oriol Drive, LLC, 59 Coolidge Road, LLC, and 20 Kinmonth Road, LLC ("borrower entities").

4. The three primary owners of Synergy are myself, Larry Lipschutz, and the Brach family.

5. On February 14, 2018, the borrower entities filed for Chapter 11 protection in the United States Bankruptcy Court for the Eastern District of New York.

6. Currently, there is significant in-fighting among the members of the borrower entities—the defendants on one hand, and the Brach family on the other. The Brach family hired attorney Kevin Nash to handle the bankruptcy in New York. Mr. Nash is neither consulting me nor Larry Lipschutz about his filings. As a result, the reorganization process is fraught with confusion.

7. The four skilled nursing facilities are operated by Waban Health Center, LLC, Merrimack Valley Health Center, LLC, Watertown Health Center, LLC, and Worcester Health Center, LLC, all of which are owned by Synergy. Recently, the United States District Court for the District of Massachusetts appointed a receiver over these entities. The basis of the receiver's

appointment as well as which duties lie within his purview overlap with issues that will be subject to discovery and litigated in the instant case.

8.  I am involved in many integral aspects of the reorganization of the debtor entities, including, but not limited to, being responsible for negotiating with creditors to reduce debt and fees owed and to formulate plans for repayment, acting as liaison for the entities to reduce Massachusetts State User Fees, and acting as the point-person in investigations being conducted by the Massachusetts Office of the Attorney General of some of the entities. I am also integral to resolving issues among current and potential investors.

9.  Since the nursing home entities' inception, Larry Lipschutz has been a primary source of funding to these entities. Litigation in multiple venues is depleting funds that may otherwise be available to assist in the reorganization of the debtor entities.

I certify under penalty of perjury that foregoing is true and correct.

_____
Avi "Zisha" Lipschutz

# EXHIBIT 2

Case 1-18-40816-nhl    Doc 82-2    Filed 09/11/18    Entered 09/11/18 15:48:04

Case 1:18-cv-00215-CCB    Document 13-3    Filed 04/11/18    Page 2 of 3
Case 1:18-cv-10172-RWZ    Document 1-1    Filed 01/29/18    Page 2 of 100

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                    BUSINESS LITIGATION SESSION
                                                Civil Action No. _____

|  |  |
|---|---|
| CAPITAL FINANCE, LLC<br>and CAPITAL FUNDING, LLC;<br><br>            Plaintiffs,<br><br>v.<br><br>22 MAPLE STREET, LLC;<br>25 ORIOL DRIVE, LLC;<br>59 COOLIDGE ROAD, LLC;<br>20 KINMONTH ROAD, LLC;<br>WABAN HEALTH CENTER, LLC;<br>MERRIMACK VALLEY HEALTH<br>CENTER, LLC;<br>WATERTOWN HEALTH CENTER, LLC; and<br>WORCESTER HEALTH CENTER, LLC,<br><br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

RECEIVED JAN 16 2018 SUPERIOR COURT-CIVIL MICHAEL JOSEPH DONOVAN CLERK/MAGISTRATE

## **VERIFIED COMPLAINT AND REQUEST FOR APPOINTMENT OF RECEIVER**

Capital Finance, LLC (the "AR Loan Agent") and Capital Funding, LLC (the "Mortgage Loan Agent" and together with the AR Loan Agent, the "Agents") by and through their counsel file this Verified Complaint and Request for Appointment of Receiver against 22 Maple Street, LLC; 25 Oriol Drive, LLC; 59 Coolidge Road, LLC; 20 Kinmonth Road, LLC (collectively, the "Owner Defendants" and, individually, an "Owner Defendant"); Waban Health Center, LLC; Merrimack Valley Health Center, LLC; Watertown Health Center, LLC and Worcester Health Center, LLC (collectively, the "Operator Defendants" and, individually, an "Operator Defendant") and state as follows in support thereof:

1

Case 1-18-40816-nhl    Doc 82-2    Filed 09/11/18    Entered 09/11/18 15:48:04

Case 1:18-cv-00215-CCB    Document 13-3    Filed 04/11/18    Page 3 of 3
Case 1:18-cv-10172-RWZ    Document 1-1    Filed 01/29/18    Page 12 of 100

43.   The Mortgage Loan Agent provided the Owner Defendants written notice of their defaults on September 20, 2017, November 3, 2017 and November 20, 2017. The defaults[1] are fully set forth in the letters and include, without limitation:

   a. Owner Defendants' failure to satisfy Minimum EBITDAR covenants for the months of March through August 2017;

   b. failure of both guarantors to provide Effective Date Net Worth Statements, Post-Effective Date Net Worth Statements and Supporting Documentation as required by the Second Mortgage Loan Forbearance Agreement;

   c. failure of Defendants to phase out Synergy's back office services and to replace Synergy in the agreed upon timeline; and

   d. failure of Owner Defendants to provide Mortgage Loan Agent copies of all their federal tax returns

(as more specifically set forth in the letters attached hereto as **Group Exhibit I**, the "Mortgage Loan Events of Default").

44.   The AR Loan Agent provided the Operator Defendants written notice of their defaults on September 20, 2017, November 3, 2017 and again on November 21, 2017. The defaults[2] are fully set forth in the letters and include, without limitation:

   a. the Operator Defendants failure to meet the Fixed Charge Coverage Ratio covenant for the periods ending on March 31, 2017 and June 30, 2017;

   b. the Operator Defendants' failure to timely provide reporting required under the AR Credit Agreement, including (i) evidence of compliance with financial covenants; (ii) monthly financial statements, accompanied by actual vs. budget variance reports for each Licensed Location, for the months of February through and including June 2017; (iii) litigation reporting; and (iv) summary of the status of the provider taxes owed to any Governmental Authority and monies owed to Credit Parties by any Governmental Authority;

   c. the occurrence of a Material Adverse Change by the Operator Defendants' net income calculation of $(2,418,910) YTD through July 2017;

---

[1] All capitalized terms used in this paragraph and not otherwise defined shall have the meaning set forth in the Mortgage Loan Agreement.

[2] All capitalized terms used in this paragraph and not otherwise defined shall have the meaning set forth in the AR Credit Agreement.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| CAPITAL FUNDING, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. CCB-18-0215 |
| ) | |
| AVI "ZISHA" LIPSCHUTZ, ET AL. ) | |
| ) | |
| Defendants. ) | |

**[PROPOSED] ORDER**

Having this ___ day of _____, 2018 considered the defendants' Motion to Stay and any Opposition thereto, it is ORDERED that the motion is GRANTED.

IT IS FURTHER ORDERED that all proceedings in this matter be stayed for 60 days.

_____
The Hon. Catherine C. Blake
United States District Judge

Copies to:

Joseph F. Fiorill
Katten Muchin Rosenman, LLP
2900 K Street NW
North Tower – Suite 200
Washington DC 20007
joseph.fiorill@kattenlaw.com

Paige E. Barr
Katten Muchin Rosenman, LLP
525 W. Monroe Street
Chicago IL 60661
Kenneth.Ottaviano@kattenlaw.com

Paige.Barr@kattenlaw.com

Ari S. Casper
The Casper Firm, LLC
One South Street, 27th Floor
Baltimore, Maryland 21202
(410) 989-5097 - Phone
(410) 630-7776 – Facsimile
acasper@casperfirm.com